# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

BRENDA BOHANNON-GATSON,                                          PLAINTIFF
ADC #712141

v.                          No. 5:14-cv-65-DPM
                            No. 5:14-cv-74-DPM

BERLIN C. JONES, Circuit Court Judge,
Jefferson County, Division I; ROBERT
H. WYATT, JR., Circuit Court Judge,
Jefferson County, Division II; BLASIUS
AWONSANG, Parole and Probation
Officer; TONYA LEMONS, Parole and
Probation Officer; GARY AUSTIN,
Public Defender; and ROBERT CORTINEZ,
Public Defender Conflict Attorney                                DEFENDANTS

## ORDER

1. Bohannon-Gatson has filed the same case in two Courts. The United States Federal Court for the Western District of Arkansas has transferred the other case here. Case Nos. 5:14-cv-65-DPM and 5:14-cv-74-DPM are consolidated under the earlier case number. FED. R. CIV. P. 42(a); GENERAL ORDER NO. 39(c).

2. Bohannon-Gatson moves to proceed *in forma pauperis*, № 1. In the six months before she submitted her application, Bohannon-Gatson had no funds deposited in her prison trust account. The motion, № 1, is therefore granted.

Bohannon-Gatson, however, must pay the $350.00 filing fee. 28 U.S.C. § 1915(b). The Court will not assess an initial fee, because Bohannon-Gatson can't pay one. But each time the amount in her prison trust account exceeds $10.00, her present custodian—the Administrator of the W.C. Dub Brassell Adult Detention Center—must send to the Clerk monthly installments in the amount of twenty percent of the preceding month's income credited to her account. Payments should be clearly identified by name and the number assigned to this action. The Clerk shall send a copy of this Order to the Administrator of the W.C. Dub Brassell Adult Detention Center, 300 East Second Ave., Pine Bluff, AR 71601. The duplicative motion to proceed *in forma pauperis* in case No. 5:14-cv-74, № 2, is denied as moot. Because the complaints are essentially identical, the Court will deal with both of them in a single Order.

**3.** The Court must screen Bohannon-Gatson's complaints. 28 U.S.C. § 1915A. She says her probation/parole was improperly revoked. Jones and Wyatt are both circuit judges, and are absolutely immune from liability for damages for their judicial acts, as long as they do not act in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). The

Arkansas Constitution vests jurisdiction over criminal cases such as Bohannon-Gatson's in the circuit court, so Judges Jones and Wyatt have absolute immunity. ARK. CONST. amend. 80, § 6.

4. Bohannon-Gatson says that probation officer Awonsang incorrectly recommended revocation of her probation. Case No. 5:14-cv-65, № 2 at 6. She says Awonsang filed a revocation petition after her probation discharge date. Assuming Awonsang made the mistake Bohannon-Gatson alleges, Awonsang may nonetheless have qualified immunity. *Ray v. Pickett*, 734 F.2d 370, 374-75 (8th Cir. 1984). Because filing the petition didn't violate any of Bohannon-Gatson's clearly established constitutional rights, Awonsang is immune against suit too. *E.g., Entzi v. Redmann*, 485 F.3d 998, 1002 (8th Cir. 2007). The claim against him is dismissed. Any claim against Lemon, another probation officer, is dismissed because Bohannon-Gatson doesn't say Lemon did anything unconstitutional.

5. Austin and Cortinez, who are public defenders, didn't act "'under color of state law'" within the meaning of § 1983; and the claims against them therefore fail. *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988).

3

\* \* \*

Bohannon-Gatson's complaint is dismissed without prejudice for failure to state a claim. Dismissal of this action constitutes a "strike" within the meaning of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g). An *in forma pauperis* appeal from this Order would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

So Ordered.

*[signature]*

D. P. Marshall Jr.
United States District Judge

17 March 2014

4